1
2
3
4

JAMES McNAIR THOMPSON
SBN 67807
LAW OFFICES OF JAMES McNAIR THOMPSON
PO BOX 636
LOS GATOS CA 95031
(408) 358-6047
Attorney for defendants

5
6
7
8
9

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

10
11
12
13
14
15

| | |
|---|---|
| UNITED STATES OF CALIFORNIA, <br><br> Plaintiff, <br><br> vs. <br><br> MEDCHEM CORPORATION, and HASAN IBRAHIM, <br><br> Defendants. | Case No.: CR – 11—00811 – EMC <br><br> APPLICATION TO MODIFY CONDITIONS OF RELEASE TO ALLOW TEMPORARY RETURN OF PASSPORT AND VISIT FOR DEFINED PERIOD OF TIME TO SAUDI ARABIA, FOLLOWED BY THE RE-SURRENDER OF PASSPORT |

16
17
18

Date: January 25, 2012
Time: 9:30 a.m.
Dept: Courtroom F-15th Floor,
　　　Hon. Jacqueline Scott Corley,
　　　Presiding

19
20
21
22
23
24
25

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO THE

OFFICE OF THE UNITED STATES ATTORNEY FOR THE NORTHERN

DISTRICT OF CALIFORNIA: PLEASE TAKE NOTICE that on January 25, 2012,

at 9:30 a.m., or as soon thereafter as the matter may be heard, defendant Hasan

Ibrahim will move for an order modifying his conditions of release to allow his

passport to be returned to him, temporarily, and allow him to travel to Saudi Arabia

Defendant Ibrahim's Motion to temporarily amend conditions of release　　　　　　Page 1

for a limited period of time, and to require him to again surrender his passport upon his return.

The requested order would permit him to leave the Northern District of California to travel to Saudi Arabia not sooner than February 5, 2012, and return to the Northern District of California not later than February 26, 2012, and would require the Clerk of the Court to return his passport forthwith to allow such travel, and would require Mr. Ibrahim to again surrender his passport not later than February 28, 2012, or within two court days of his return, whichever is sooner.

The motion will be based upon this notice, the attached Points & Authorities, and such evidence and argument as may be adduced at the hearing thereon.

Dated: January 18, 2012

Respectfully submitted,




James McNair Thompson

Attorney for defendant Hasan Ibrahim

### POINTS & AUTHORITIES

### I. INTRODUCTION

### A. The Charges

Defendant Hasan Ibrahim is charged in the above-captioned indictment, along with Medchem Corporation, in counts 1 and 2 of violating 18 U.S.C. § 32(a)(2) and (a)(8), an "attempt to cause to be placed in, upon, and in proximity to a civil aircraft used, operated, and employed in foreign air commerce, a destructive substance as set forth below, and otherwise cause such aircraft to be made hazardous to use, likely endangering the safety of such aircraft:" (Indictment 5:18 –

22)  In other words, he is not in any way accused of trying to harm an aircraft, or of intending to harm an aircraft, but rather of "caus[ing] an aircraft to be made hazardous to use" because Medchem shipped materials in air freight shape which the government alleges were dangerous, and improperly labeled, packaged or, in the case of counts 1 and 2, improperly shipped via airfreight.[1]

The defendants are accused in Count 3 of violating 49 U.S.C. §5124(c) and (d) (transportation of hazardous materials without shipping papers required by 49 C.F.R. §172.101), in Counts 4 through 12 of violating 49 U.S.C. §4124(c) and (d) (transportation of hazardous materials without labels required by 49 C.F.R. § 172.400), in Count 13 with violating 13 U.S.C. §305(a)(1) (failure to file export information within the meaning of 5 C.F.R. §§30.2 and 30.37), in Count 14 with violating 18 U.S.C. §554(a) (not using the proper shipping labels required by 49 C.F.R. §§172.101, 172.200, 172.202, 172.204, and 172.400) and in Count 15 with violating 18 U.S.C. §554(a) (failing to file export information through the Automated Export System, in violation of 15 C.F.R. §§30.2 and 30.37.)

What is important for present purposes is that no person or property was injured in any way by any of the events which underlie these charges, no person or property was intended to be injured in any way by the events which underlie these

---

[1]Insofar as it is relevant to this prosecution, the government evidently seeks to apply 18 USC §32(a)(2) to one who "places or causes to be placed a [...] substance in, upon, or in proximity to, [...] any such aircraft, [...] if such placing or causing to be placed [...] is likely to endanger the safety of any such aircraft …" The government has alternatively charged defendants Ibrahim and Medchem with a variety of other offenses more specifically aimed at the conduct of which Medchem stands charged.

It appears that the government's theory is that Medchem sought to ship certain materials via airfreight without specific packaging and disclosures because it was cheaper and faster; both Medchem and Mr. Ibrahim have denied this, by entering pleas of not guilty, but at this point it is clear that under the prosecution's theory, the last thing anyone wanted, including the defendants, was for anything to happen to the airplane carrying the freight.

charges, and no economic harm befell anyone except Medchem by the events which underlie these charges.

Both defendants have pled not guilty, have denied the charges, and believe that they have substantial defenses to each of the charges. However, from the point of view of assessing flight risk, it is important to note that where there is no physical or economic harm, the United States Sentencing Commission Guidelines might result in the application of USSG §2B1.1, and provide a base offense level of 7. (See Statutory Index to USSG for 18 U.S.C. §32)

## B.  The Defendant's Need to Travel to Saudi Arabia

As the indictment alleges, Medchem is in the business of exporting chemicals, medical equipment, and diagnostics to Constant Trading Activity, a business in Saudi Arabia. (Indictment 1:28 – 2:2)  Mr. Ibrahim is the owner and president of Medchem. (Indictment 2:3 – 4)

Substantially all of Medchem's business involves shipping chemicals, medical equipment and diagnostics to Constant Trading Activity, where these materials are then distributed to Constant Trading Activity's customers, which are universities and hospitals in the Saudi Arabia.

Mr. Ibrahim is required to travel to Saudi Arabia from time to time to conduct his business; without his ability to ship these materials to Constant Trading Activity for delivery to Saudi Arabian universities and hospitals, he essentially has no business at all.

Saudi Arabia is an authoritarian kingdom, with arcane and elaborate laws, including laws relating to the issuance of visas. Mr. Ibrahim has had Saudi residency status since 1995, which allows him to travel to and from Saudi Arabia to conduct business. Without this status, he would have to apply for a visa each time

he needed to travel to Saudi Arabia, a process which requires months; if he was required to comply with this cumbersome entry visa process, he would not be able to respond to the exigencies of his business.

Not only does his business require that he travel at this time to Saudi Arabia for a financial review of the books of Constant Trading Activity, so that his correct commissions on sales can be calculated, but he must travel to Saudi Arabia in early February

## II. THE DEFENDANT PRESENTS NO FLIGHT RISK, AND WILL RETURN FROM HIS TRIP TO SAUDI ARABIA

Mr. Ibrahim is a United States Citizen, and will be travelling on a United States passport.

He came to this country from his native Jerusalem in 1968, and married in 1973. He and his wife have 8 children, all United States citizens. His 8 United States citizen children have given him 9 grandchildren, all United States citizens.

His entire life is here in the United States. He owns a home in Los Gatos, California, which serves as security for his release. His business, although its ultimate customers are hospitals and universities in Saudi Arabia, is in the Northern District of California. His large extended family is all here.[2] His community is here.

Furthermore, Mr. Ibrahim knew well in advance that the US Attorney's Office was planning on indicting him, and voluntarily came to the United States Courthouse to be arraigned on the indictment; if he was predisposed in any way to make himself unavailable to the jurisdiction of the court, he had ample time to do so

---

[2]His eldest daughter recently moved to Dubai, but this hardly changes matters.

before pledging his family's home as security for his appearance and subjecting himself to greater penalties for non-appearance.

### III.  THE CONDITIONS ALREADY IMPOSED, TOGETHER WITH THE SPECIAL TEMPORARY CONDITIONS SOUGHT IN THIS MOTION, ARE SUFFICIENT TO ASSURE HIS APPEARANCE

18 U.S.C. §3142 provides that the judicial officer shall release a defendant "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community …"  In this case, the defendant has posted a deed of trust to his family's home in Los Gatos to secure his release.

It would be unreasonable to require Mr. Ibrahim to completely destroy his lawful business as further condition of release, which is what refusing him permission to travel on business to Saudi Arabia at this time would effectively do.

### IV.  CONCLUSION

For the foregoing reasons, defendant respectfully requests that the court grant the proposed order.

Dated:  January 18, 2011

Respectfully submitted,



James McNair Thompson

Attorney for defendant Hasan Ibrahim