United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MEDCHEM CORPORATION, *et al.*,<br><br>  Defendants.<br>_____/ | No. CR 11-0811 EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND MOTION TO SETTLE JURY INSTRUCTIONS**<br><br>**(Docket Nos. 30, 31)** |

Defendants Medchem Corporation and Hasan Ibrahim have filed a motion to dismiss certain counts in the indictment and a motion to settle jury instructions on the count for violation of 18 U.S.C. § 32. A hearing was held on both motions on May 23, 2012. For the reasons stated at the hearing and as explained below, the Court **DENIES** both motions.

### I. DISCUSSION

A. Defendants' Motion to Dismiss

Defendants have moved to dismiss certain counts in the indictment on the ground of multiplicity. The motion is denied.

1. Count 1 v. Count 2

Counts 1 and 2 are not multiplicitous. Contrary to what Defendants argue, the unit of prosecution – *i.e.*, the object of the offense – in 18 U.S.C. § 32(a)(2) is "a destructive . . . substance" and not "any . . . aircraft." By prefacing the object of the offense with "a" and not "any," § 32(a)(2) expresses an unambiguous congressional intent to make each destructive substance a unit of prosecution. *See United States v. Vargas-Castillo*, 329 F.3d 715, 721-22 (9th Cir. 2003) (discussing

difference between use of "a" and "any"). Thus, felon-in-possession cases which criminalizes the possession of firearm or ammunition are (under the statutory language "any") distinguishable.

### 2. Count 3 v. Counts 4-12

Counts 3 and 4-12 are not multiplicitous. Defendants focus on Count 3's reference to 49 C.F.R. § 172.101; however, it is clear that the critical regulation underlying Count 3, which asserts transportation of hazardous materials without proper *shipping papers*, is § 172.200. In contrast, Counts 4-12 target distinctly different conduct – *i.e.*, transportation of hazardous materials *without labels* – which is governed by § 172.400. These two provisions concern different conduct and functions – shipping papers and package labels do not provide the same information or serve the identical functions. Moreover, the elements of each offense under § 172.200 and § 172.400 are different. *Blockburger v. United States*, 284 U.S. 299 (1932); *United States v. Overton*, 573 F.3d 679, 691 (9th Cir. 2009). The fact that § 172.200 and § 172.400 make foundational reference to § 172.101 does not alter the fact that these two provisions proscribe distinct and different conduct.

To the extent Defendants maintain that the separate requirements for shipping papers and labels do not justify separate charges because they stem from a single statute, they are incorrect. Title 49 U.S.C. § 5124 provides for criminal punishment based on a violation of "*a* regulation." 49 U.S.C. § 5124(a) (emphasis added).[1] Nothing under § 5124 prevents prosecution of multiple offenses for violating multiple regulations.

### 3. Counts 3-12 v. Count 14

Finally, Counts 3-12 and 14 are not multiplicitous. Count 14 charges Defendants with the attempted export of goods in violation of 18 U.S.C. § 554(a). As the government argues, "the § 554

---

[1] Section 5124(a) provides in its entirety as follows:

> A person knowingly violating section 5104(b) or willfully or recklessly violating this chapter [49 U.S.C. § 5101 *et seq.*] or a regulation, order, special permit, or approval issued under this chapter shall be fined under title 18, imprisoned for not more than 5 years, or both; except that the maximum amount of imprisonment shall be 10 years in any case in which the violation involves the release of a hazardous material that results in death or bodily injury to any person.

49 U.S.C. § 5124(a).

2

1 charges includes an additional element – 'an attempt to export' – not present in the 49 U.S.C. § 5124
2 charges. . . . For example, if the defendants only sought to transport these goods domestically, the
3 government would not be able to establish a § 554 violation, although it could prove one under §
4 5124." Opp'n at 7.  As above, § 554 is directed at conduct distinct and different from the covered by
5 §§ 172.200 and 172.400, and the elements of the offenses differ.

6 B.  Defendants' Motion to Settle Jury Instructions

At this juncture, the Court shall not make a final ruling as to what the precise jury instruction on the count for violation of 18 U.S.C. § 32 should be.  However, the Court makes clear that it rejects Defendants' position that, in order to prevail, the government must establish that they "intended to damage the aircraft itself." Mot. at 3.  The plain language of § 32(a)(2) does not support Defendants' construction.  The word "wilfully" is proximate to and modifies "places or causes to be placed a destructive device or substance" in any aircraft.  The statute's reference to "if such placing . . . is likely to endanger the safety of any such aircraft" is grammatically remote and separate from the modifier "wilfully."  In this regard, the language of § 32(a)(2) stands in contrast to the language of § 32(a)(4) which clearly incorporates an intent to damage the aircraft, providing for criminal liability on "whoever willfully[,] with the intent to damage, destroy, or disable any such aircraft, . . . places a destructive device or substance . . . ." 18 U.S.C. § 32(a)(4).  *See also* 18 U.S.C. § 32(a)(5) ("wilfully "modifies" intent to endanger safety of any person").  Furthermore, the legislative history of § 32(a)(2) indicates that no intent to damage the aircraft is required; prior language expressly requiring the intent to damage the aircraft was removed in 1984.  *See* S. Rep. 986-619 (Sept. 19, 1984), *available at* 1984 WL 37452, at *3 (providing that "[t]he second paragraph of new subsection 32(a) . . . does not contain the requirement that the proscribed act be done with intent to damage or disable the aircraft, a requirement of current law").

Accordingly, the Court denies Defendants' motion to settle jury instructions.  The Court makes clear that no intent to damage the aircraft is required under § 32(a)(2).  The precise form of the instruction will be settled at the pretrial conference.

///

///

## II. <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss is **DENIED**, and Defendants' motion to settle jury instructions is **DENIED**.

This order disposes of Docket Nos. 30 and 31.

IT IS SO ORDERED.

Dated: May 29, 2012

_____
EDWARD M. CHEN
United States District Judge