1
2
3
4
5                          UNITED STATES DISTRICT COURT

6                         NORTHERN DISTRICT OF CALIFORNIA

7

8   UNITED STATES OF AMERICA,                No. CR-11-0811 EMC

9          Plaintiff,
                                             **ORDER RE COURT'S PROPOSED**
10         v.                                **JURY INSTRUCTIONS**

11  MEDCHEM CORPORATION, and HASAN
    IBRAHIM,
12
           Defendants.
13  _____/

14

15

16         The parties submitted their proposed jury instructions on May 7, 2013, and an updated joint

17  statement regarding jury instructions on May 20, 2013.  The Court has considered the views of the

18  partes and proposes the following jury instructions.  The parties are directed to file any objections by

19  12:00 noon, June 14, 2013.

20

21         IT IS SO ORDERED.

22

23  Dated:  June 7, 2013

24                                           _____
                                             EDWARD M. CHEN
25                                           United States District Judge

26

27

28

**United States District Court**
For the Northern District of California

**[PRELIMINARY INSTRUCTIONS]**

**JURY INSTRUCTION NO.  1**

**DUTY OF JURY**

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed written instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.

Comment:  Ninth Circuit Model Jury Instruction 1.1.

2

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 2**

**THE CHARGE – PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government.  The government charges the defendants Hasan Ibrahim and MedChem Corporation with nine counts of attempted placement of a destructive substance on an aircraft, one count of transportation of hazardous materials without shipping papers, nine counts of transportation of hazardous materials without labels, one count of failure to file export information, and two counts of attempted smuggling of goods.

The charges against the defendants are contained in the indictment.  The indictment simply describes the charges the government brings against the defendants.  The indictment is not evidence and does not prove anything.

The defendants have pleaded not guilty to the charges and is presumed innocent unless and until the government proves each of the defendants guilty beyond a reasonable doubt.  In addition, each of the defendants has the right to remain silent and never has to prove innocence or to present any evidence.

Comment:  Ninth Circuit Model Jury Instruction 1.2.

3

**JURY INSTRUCTION NO. 3**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness; and

(2)     the exhibits which are received in evidence; and

(3)     any facts to which the parties agree.

Comment:  Ninth Circuit Model Jury Instruction 1.3.

**United States District Court**

For the Northern District of California

4

**JURY INSTRUCTION NO. 4**

**WHAT IS NOT EVIDENCE**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

    (1)    statements and arguments of the attorneys;

    (2)    questions and objections of the attorneys;

    (3)    testimony that I instruct you to disregard; and

    (4)    anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Comment:  Ninth Circuit Model Jury Instruction 1.4.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 5**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Comment:  Ninth Circuit Model Jury Instruction 1.5.

**JURY INSTRUCTION NO. 6**

**RULING ON OBJECTIONS**

     There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

     Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Comment:  Ninth Circuit Model Jury Instruction 1.6.

**JURY INSTRUCTION NO. 7**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Comment:  Ninth Circuit Model Jury Instruction 1.7.

# JURY INSTRUCTION NO. 8
## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone
> else communicate with you in any way about the merits of the case or
> anything to do with it.  This includes discussing the case in person, in
> writing, by phone or electronic means, via email, text messaging, or
> any Internet chat room, blog, website or other feature.  You may not
> communicate with anyone about the case on your cell phone, through
> email, Blackberry, iPhone, or other smart phone, text messaging, or on
> Twitter, through any blog or website, through any internet chat room,
> or by way of any other social networking websites, including
> Facebook, My Space, LinkedIn, and YouTube.  You also may not
> communicate with your fellow jurors until I give you the case for
> deliberation, and it applies to communicating with everyone else
> including your family members, your employer, the media or press,
> and the people involved in the trial, although you may notify your
> family and your employer that you have been seated as a juror in the
> case.  But, if you are asked or approached in any way about your jury
> service or anything about this case, you must respond that you have

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, websites, blogs, or using other electronic tools or reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Comment:  Ninth Circuit Model Jury Instruction 1.8 (modified).

**JURY INSTRUCTION NO.  9**

**NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Comment:  Ninth Circuit Model Jury Instruction 1.9.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 10**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the envelope in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Comment:  Ninth Circuit Model Jury Instruction 1.10.

**United States District Court**
For the Northern District of California

12

**JURY INSTRUCTION NO. 11**

**OUTLINE OF TRIAL**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Comment:  Ninth Circuit Model Jury Instruction 1.11.

**JURY INSTRUCTION NO. 12**

**SEPARATE CONSIDERATION FOR EACH DEFENDANT**

Although the defendants are being tried together, you must give separate consideration to each defendant.  In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendants.  The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendants.

Comment:  Ninth Circuit Model Jury Instruction 1.13.

**United States District Court**
For the Northern District of California

**[INSTRUCTIONS IN THE COURSE OF TRIAL]**

**JURY INSTRUCTION NO. 13**

**CAUTIONARY INSTRUCTION – FIRST RECESS**

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to my Courtroom Deputy Clerk Betty Lee to give to me.

Comment:  Ninth Circuit Model Jury Instruction 2.1.

**JURY INSTRUCTION NO. 14**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference.

Comment:  Ninth Circuit Model Jury Instruction 2.2.

**United States District Court**

For the Northern District of California

16

# JURY INSTRUCTION NO. 15

## STIPULATED TESTIMONY

The parties have agreed what [*name of witness*]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

Comment:  Ninth Circuit Model Jury Instruction 2.3.

**JURY INSTRUCTION NO. 16**

**STIPULATIONS OF FACT**


The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.


Comment:  Ninth Circuit Model Jury Instruction 2.4.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 17**

**TRANSCRIPT OF RECORDING IN ENGLISH**

You are about to hear a recording that has been received in evidence.  A transcript of the recording is being provided to help you identify speakers and to help you decide what the speakers say.  Remember that the recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you heard is controlling.  Listen carefully; the transcript will not be available during your deliberations.

Comment:  Ninth Circuit Model Jury Instruction 2.7.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 18**

**OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT**

You are about to hear evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, plan, knowledge, absence of mistake, or absence of accident and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

Comment:  Ninth Circuit Model Jury Instruction 2.10.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1

**[INSTRUCTIONS AT THE CLOSE OF EVIDENCE]**

2

**JURY INSTRUCTION NO. 19:**

3

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

4

5   Members of the jury, now that you have heard all the evidence, it is my duty to instruct you

6   on the law that applies to this case.  A copy of these instructions will be available in the jury room

7   for you to consult.

8   It is your duty to weigh and to evaluate all the evidence received in the case and, in that

9   process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you

10   find them, whether you agree with the law or not.  You must decide the case solely on the evidence

11   and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or

12   sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

13   You must follow all these instructions and not single out some and ignore others; they are all

14   important.  Please do not read into these instructions or into anything I may have said or done any

15   suggestion as to what verdict you should return – that is a matter entirely up to you.

16

17   Comment:  Ninth Circuit Jury Instruction 3.1.

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 20**

**CHARGE AGAINST DEFENDANT**

**NOT EVIDENCE – PRESUMPTION OF INNOCENCE – BURDEN OF PROOF**


The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.


Comment:  Ninth Circuit Model Jury Instruction 3.2.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 21A**

**DEFENDANT'S DECISION NOT TO TESTIFY**


A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.


**-OR-**


**JURY INSTRUCTION NO. 21B**

**DEFENDANT'S DECISION TO TESTIFY**


The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.


Comment:  Ninth Circuit Model Jury Instructions 3.3 and 3.4.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 22**

**REASONABLE DOUBT – DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Comment:  Ninth Circuit Model Jury Instruction 3.5.

**JURY INSTRUCTION NO. 23**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness; and

(2)     the exhibits received in evidence; and

(3)     any facts to which the parties have agreed.

Comment:  Ninth Circuit Model Jury Instruction 3.6.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 24**

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.       Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.       Any  testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.       Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Comment:  Ninth Circuit Model Jury Instruction 3.7.

**JURY INSTRUCTION NO. 25**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Comment:  Ninth Circuit Model Jury Instruction 3.8.

# JURY INSTRUCTION NO. 26

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the witness's opportunity and ability to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Comment:  Ninth Circuit Model Jury Instruction 3.9.

**JURY INSTRUCTION NO. 27**

**ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

Comment:  Ninth Circuit Model Jury Instruction 3.10.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 28**

**SEPARATE CONSIDERATION**

**OF MULTIPLE COUNTS – MULTIPLE DEFENDANTS**

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial.  You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

Comment:  Ninth Circuit Model Jury Instruction 3.13.

**JURY INSTRUCTION NO. 29**

**CORPORATE DEFENDANT**

The fact that a defendant is a corporation should not affect your verdict. Under the law a corporation is considered a person and all persons are equal before the law. Corporations are entitled to the same fair and conscientious consideration by you as any other person.

Comment:  Ninth Circuit Model Jury Instruction 3.18.

United States District Court

For the Northern District of California

31

**JURY INSTRUCTION NO. 30**

**STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Comment:  Ninth Circuit Model Jury Instruction 4.1.

**JURY INSTRUCTION NO. 31**

**OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT**

You are about to hear evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, plan, knowledge, absence of mistake, or absence of accident and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

Comment:  Ninth Circuit Model Jury Instruction 4.3.

**JURY INSTRUCTION NO. 32**

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Comment:  Ninth Circuit Model Jury Instruction 4.14.

**JURY INSTRUCTION NO. 33**

**SUMMARIES NOT RECEIVED IN EVIDENCE**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Comment:  Ninth Circuit Model Jury Instruction 4.15.

**JURY INSTRUCTION NO. 34**

**CHARTS AND SUMMARIES IN EVIDENCE**


Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.


Comment:  Ninth Circuit Model Jury Instruction 4.16.

**JURY INSTRUCTION NO. 35**

**COUNTS ONE THROUGH NINE:  ATTEMPTED PLACEMENT OF A**

**DESTRUCTIVE SUBSTANCE UPON AN AIRCRAFT**

The defendants are charged in Counts One through Nine of the Indictment with attempting to place a destructive substance in an aircraft in violation of 18 U.S.C. §32(a)(2) and (a)(8).

In order to find the defendants guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant intended to cause the following destructive substances to be placed in, upon, or in proximity to an aircraft;

| COUNT | DESTRUCTIVE SUBSTANCE |
|---|---|
| 1 | One 100-gram container of Chloroacetonitrile within box 64 |
| 2 | One 1-liter container of Sulfuryl Chloride within box 64 |
| 3 | Two 25-gram bottles of Oxalyl Chloride within box 64 |
| 4 | Two 100-milliliter bottles of N, N-Dimethylformamide Dimethyl Acetal within box 58 |
| 5 | One 100-gram can of Sodium Hydride within box 58 |
| 6 | Nine 100-milliliter bottles of 3.0 N HCL in n-Butanol within box 45 |
| 7 | One 500-gram bottle of Chloroacetophenone within box 45 |
| 8 | One 1-liter bottle of 2-Ethoxyethanol within box 46 |
| 9 | Four 2.5-liter bottles of Acetonitrile within box 44 |

*Second*, the defendant acted willfully;

*Third*, the placement of the destructive substance in, upon, or in proximity to an aircraft was likely to endanger the safety of the aircraft;

*Fourth*, the aircraft was a civil aircraft used, operated, or employed in foreign air commerce; and

**United States District Court**
For the Northern District of California

*Fifth*, the defendant did something that was a substantial step toward committing the crime. Mere preparation is not a substantial step toward committing the crime.

To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

Comment: Ninth Circuit Model Jury Instruction 5.3 (2010); 18 U.S.C. § 32(a)(2) and (a)(8).

**JURY INSTRUCTION NO. 36**

**COUNTS ONE THROUGH NINE**

**DESTRUCTIVE SUBSTANCE – DEFINED**

For Counts One through Nine, a "destructive substance" includes any explosive substance, any flammable material, or any chemical matter of a combustible, contaminative, corrosive, or explosive nature.

Comment:  "Destructive Substance" definition, 18 U.S.C. § 31(a)(3).

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 37**

**COUNTS ONE THROUGH NINE:  WILLFULLY – DEFINED**

For Counts One through Nine, a person acts "willfully" if he acted with a bad purpose.  Thus, the government must show that the person knowingly placed what he knew was a destructive device or substance in, upon, or in proximity to an aircraft.  The government must prove that the person knew that this conduct was unlawful, but need not prove the person was aware of the specific law or rule that his conduct violated.  The government need not show that the person knew that the plane would be endangered by his actions.

Comment:

Defendants argue that the Court should instruct the jury that in order to establish willfulness, the government must show that the defendant knew that his conduct was likely to endanger the safety of the aircraft.  This Court previously rejected Defendants' argument that the government must show that Defendants intended to damage the aircraft, finding that the placement of the word "willfully" in the statute did not support Defendants' reading of the text.  Docket No. 40 at 3.  For similar reasons, Defendants' argument that the government must show that his conduct was likely to endanger the aircraft is not supported by the statutory text.  The statute reads:

> Whoever willfully . . . places or causes to be placed a destructive device or substance in, upon, or in proximity to, or otherwise makes or causes to be made unworkable or unusable or hazardous to work or use, any such aircraft, or any part or other materials used or intended to be used in connection with the operation of such aircraft, if such placing or causing to be placed or such making or causing to be made is likely to endanger the safety of any such aircraft

18 U.S.C. § 32(a)(2).  The word "willfully" modifies the placement of the substance on the aircraft, not the likelihood of endangering the safety of the aircraft.  Defendants' reading of the "willfully" requirement to require knowledge that his conduct would likely endanger the aircraft is thus not supported by the statute, and Defendants cite no authority interpreting the statute in this manner.

The government cites to *Bryan v. United States*, which interpreted the word "willfully" in upholding the defendant's conviction for willfully dealing in firearms without a federal license.  524

**United States District Court**
For the Northern District of California

1    U.S. 184, 191-92, 196 (1998).  The Court rejected the argument that conviction under the statute in

2    that case required the government to show that the defendant was aware of the licensing

3    requirement.  *Id.* at 190-92.  The Court noted that "[t]he word 'willfully' is sometimes said to be 'a

4    word of many meanings' whose construction is often dependent on the context in which it appears."

5    *Id.* at 191.  *Bryan* notes that in order to show willfulness in the criminal context, the prosecution

6    generally must show that the defendant knew the conduct to be unlawful, but that they need not

7    show that the defendant was aware of the specific law violated.  *Id.* at 196 (1998) ("Thus, the

8    willfulness requirement of § 924(a)(1)(D) does not carve out an exception to the traditional rule that

9    ignorance of the law is no excuse; knowledge that the conduct is unlawful is all that is required.").

10   In that case, the court approved the following jury instructions that had been given by the district

11   court:

12           A person acts willfully if he acts intentionally and purposely and with the
             intent to do something the law forbids, that is, with the bad
13           purpose to disobey or to disregard the law.  Now, the person need not
             be aware of the specific law or rule that his conduct may be violating.
14           But he must act with the intent to do something that the law forbids.

15   *Id.* at 190 (quoting instructions), 199 (noting that these instructions are correct).

16          Ninth Circuit cases since *Bryan* have reaffirmed the rule that "willfulness" requires the

17   government to show that the defendant knew that his conduct was unlawful, but not that the

18   defendant was aware of the specific law violated.  In *United States v. Derington*, the court held that

19   it was an error to give the jury an instruction on willfulness that did not require "knowledge of the

20   unlawfulness of the act."  229 F.3d 1243, 1248 (9th Cir. 2000).  In *United States v. Mousavi*, on the

21   other hand, the court rejected a defendant's argument that in order to prove that he willfully violated

22   the U.S. trade embargo against Iran, it had to show that he was aware of the specific licensing

23   requirements under the embargo.  604 F.3d 1084, 1091-92 (9th Cir. 2010).  The court held that while

24   "the government had to prove beyond a reasonable doubt that Mousavi knew he was acting

25   unlawfully," it did not have to prove that he "had a specific understanding of the ITR's licensing

26   requirements."  *Id.* at 1094.

27          The government's proposed instruction would allow the government to show willfulness if it

28   proved that a person  "acted with a bad purpose *or* knowledge that his conduct was wrongful or

41

**United States District Court**
For the Northern District of California

1   unlawful." (emphasis added).  This, however, is not an accurate statement of the law.  *Bryan* treats

2   "knowledge that conduct was unlawful" as an explanation of the requirement that the actions be

3   taken with "bad purpose," not as an alternative:

4           As a general matter, when used in the criminal context, a "willful" act
            is one undertaken with a "bad purpose."  In other words, in order to
5           establish a "willful" violation of a statute, the Government must prove
            that the defendant acted with knowledge that his conduct was
6           unlawful.

7   524 U.S. at 191-92.  Thus, the Court finds that the two phrases should not be presented as alternative

8   ways to show willfulness.

42

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 38**

**COUNTS ONE THROUGH NINE:  ENDANGER – DEFINED**

For Counts One through Nine, to "endanger" means to bring into danger or peril of probable harm or loss, to imperil, or to create a dangerous situation.  Endangerment does not require proof that the aircraft or anyone aboard the aircraft was actually harmed.

Comment:  *United States v. Mendoza*, 244 F.3d 1037, 1042-44 (9th Cir. 2001).

The Court adopts the government's proposed instruction, which is based on *United States v. Mendoza*, 244 F.3d 1037, 1042-44 (9th Cir. 2001).  That case involved a conviction under the statute at issue here, where the court noted that "The ordinary meaning of the term 'endanger' as used in this context is 'to bring into danger or peril of probable harm or loss: imperil or threaten to danger ...: to create a dangerous situation.'"  *Id.* at 1042.

Defendants object to the phrase "or to create a dangerous situation," arguing that it is redundant, and that offering the phrase in the disjunctive with "to bring into danger or peril of probable harm or loss" improperly lowers the standard because "[e]verything can be seen as dangerous."  Docket No. 94 at 8.  Defendants cite no authority in support of their position.  Another case cited by *Mendoza*, has also interpreted the phrase "endanger the safety" in another statute to "cover cases where no specific injury was done or intended, but *only a dangerous condition created*."  *Marchese v. United States*, 126 F.2d 671, 674 (5th Cir.1942) (emphasis added).  This Court disagrees that the phrase "to create a dangerous situation" is unduly redundant, confusing, or likely to "eviscerate" the endanger requirement as Defendants contend.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 38A**

**COUNTS ONE THROUGH NINE:  LIKELY – DEFINED**

For Counts One through Nine, "likely" means very probably.

Source:  Likely – "having a high probability of occurring or being true; very probable <rain is likely today>" http 7/www.merriam-webster.com/dictionarv/likely.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 39**

**COUNTS ONE THROUGH NINE:  CIVIL AIRCRAFT USED, OPERATED, AND EMPLOYED IN FOREIGN AIR COMMERCE – DEFINED**


For Counts One through Nine, a "civil aircraft" is an aircraft that is not owned or used by the government or leased by the government for at least 90 continuous days.

"Foreign air commerce" means the transportation of passengers or property by aircraft for compensation between a place in the United States and a place outside the United States when any part of the transportation or operation is by aircraft.


Comment:  49 U.S.C. § 40102(a)(22) (foreign air commerce) and (a)(16) and (41) (civil aircraft).

45

**United States District Court**

For the Northern District of California

1   **JURY INSTRUCTION NO. 40**

2   **COUNT TEN:  TRANSPORTATION OF HAZARDOUS MATERIALS**

3   **WITHOUT SHIPPING PAPERS**

4

5       The defendants are charged in Count Ten of the Indictment with transporting hazardous

6   materials without shipping papers in violation of 49 U.S.C. §5124(c) and (d).

7       In order to find the defendants guilty of that charge, the government must prove each of the

8   following elements beyond a reasonable doubt:

9       *First*, the defendant offered for transportation one or more of the following hazardous

10  materials:

11

| PRODUCT NAME | PROPER SHIPPING NAME (49 C.F.R. § 172.101) |
|---|---|
| Acetonitrile | Acetonitrile |
| 2-Acetylfuran | Toxic solids, organic, n.o.s. (2-Furyl methyl ketone) |
| Acridine Mutagen | Toxic solids, organic, n.o.s. (6-Chloro-9-[[3-[(2-chloroethyl) amino] propyl] amino]-2-methoxyacridine dihydrochloride) |
| Aluminum tri-sec-butoxide 1.0m in dichloromethane | Dichloromethane, solution |
| 4-Aminobenzonitrile | Toxic solids, organic, n.o.s. (4-Aminobenzonitrile) |
| Benzo[A]pyrene | Environmentally hazardous substances, solid, n.o.s. (Benzo[a]pyrene) |
| Chloroacetonitrile | Chloroacetonitrile |
| 4'-Chloroacetophenone | Chloroacetophenone, liquid |
| 4-Chlorobenzoyl Chloride | Corrosive liquid, acidic, organic, n.o.s., (4-Chlorobenzoyl chloride) |
| 1-Chloro-2, 4-Dinitrobenzene | Chlorodinitrobenzenes, solid |
| Chloroform-d | Chloroform |
| 2-Ethoxyethanol | Ethylene glycol monoethyl ether |
| Ethyl Cyanoacetate | Aviation regulated liquid, n.o.s. (Ethyl cyanoacetate) |
| 4-Flurobenzaldehyde | Aldehydes, n.o.s. (4-Flurobenzaldehyde) |
| Hexamethylenetetramine | Hexamethylenetetramine |

United States District Court

For the Northern District of California

| Indomethacin | Toxic, solid, organic, n.o.s. (Indomethacin) |
|---|---|
| 3.0 N HCL in n-Butanol | Flammable liquid, corrosive, n.o.s. (Hydrochloric acid, n-butanol) |
| N, N-Dimethylaniline | N, N-Dimethylaniline |
| N, N-Dimethylformamide dimethyl acetal | Ethers, n.o.s. (1, 1-Demethoxytrimethylamine) |
| 4-Nitrophenol | Nitrophenols |
| Oxalyl Chloride | Corrosive liquid, toxic, n.o.s. (Oxalyl chloride) |
| P-Anisidine | Toxic solids, organic, n.o.s. (p-Anisidine) |
| Phenylhydrazine | Phenylhydrazine |
| Potassium Ferricyanide (III) Powder | Environmentally hazardous substances, solid, n.o.s. (Tripotassium hexacyanoferrate) |
| Pyridin-2-aldehyd | Toxic, liquid, organic, n.o.s. (Pyridine-2-carbaldehyde) |
| 3-Pyridincarboxaldehyde | Aldehydes, n.o.s. (Nicotinaldehyd) |
| Quercetin Anhydrous | Toxic solids, organic, n.o.s. (3,3',4',5,7-Pentahydroxyflavone) |
| Ruthenium (III) chloride | Corrosive solid, acidic, inorganic, n.o.s. (Ruthenium trichloride) |
| Sodium Dodecyl Sulfate | Flammable solids, toxic, organic, n.o.s. (sodium dodecyl sulfate) |
| Sodium Hydride | Sodium hydride |
| Sodium Phosphate Dibasic | Environmentally hazardous substances, solid, n.o.s. |
| Sulfuryl Chloride | Sulfuryl Chloride |
| Thioglycolic acid | Thioglycolic acid |
| Tungsten (IV) Chloride | Corrosive solid, acidic, inorganic, n.o.s. (Tungsten(IV) chloride) |
| Zinc Acetate Dihydrate | Environmentally hazardous substances, solid, n.o.s. (zinc di(acetate)) |

*Second*, the defendant acted willfully or recklessly; and

*Third*, the defendant offered for transportation one or more of these materials in violation of Title 49, Code of Federal Regulations, Sections 172.101, 172.200, 172.202, or 172.204.

Comment: 49 U.S.C. § 5124(c) and (d); 49 C.F.R. §§ 172.101, 172.200, 172.202, and 172.204.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 41-1**

**TITLE 49, CODE OF FEDERAL REGULATIONS, SECTION 172.101**

**PURPOSE AND USE OF HAZARDOUS MATERIALS TABLE**

Title 49, Code of Federal Regulations (CFR), Section 172.101 contains a Hazardous Materials Table (Table).  The Table designates the materials listed therein as hazardous materials for the purpose of transportation of those materials. For each listed material, the Table identifies the hazard class or specifies that the material is forbidden in transportation, and gives the proper shipping name or directs the user to the preferred proper shipping name.  In addition, the Table specifies or references requirements . . . pertaining to labeling, packaging, quantity limits aboard aircraft and stowage of hazardous materials aboard vessels.

Comment:  49 C.F.R. § 172.101.

**JURY INSTRUCTION NO. 41-2**

**TITLE 49, CODE OF FEDERAL REGULATIONS, SECTION 172.200**

**APPLICABILITY OF SHIPPING PAPERS**

Title 49, Code of Federal Regulations (CFR), Section 172.200 requires that each person who offers a hazardous materials for transportation (as defined in 49 C.F.R. § 172.101) shall describe the hazardous material on the shipping paper in the manner required by 49 C.F.R. Sections 172.200 through 172.205 (the regulations government shipping papers).

Comment:  49 C.F.R. § 172.101, 172.200.

# JURY INSTRUCTION NO. 41-3

## TITLE 49, CODE OF FEDERAL REGULATIONS, SECTION 172.202

## DESCRIPTION OF HAZARDOUS MATERIAL ON SHIPPING PAPERS

Title 49, Code of Federal Regulations, Section 172.202 provides in part that:

(a)    The shipping description of a hazardous material on the shipping paper must include:

        (1)    The identification number prescribed for the material;

        (2)    The proper shipping name;

        (3)    The hazard class or division number prescribed for the materials;

        (4)    The packing group in Roman numerals;

        . . .

        (6)    For transportation by aircraft, the total net mass per package, unless a gross mass is applicable; and

        (7)    The number and type of packages.

(b)    The basic description specified in paragraphs (a)(1) through (a)(4) must be shown in sequence with no additional information interspersed.

(c)    The total quantity of the material covered by one description must appear before or after, or before and after, the description required. . . .

(d)    Technical and chemical group names by be entered in parentheses between the proper shipping name and hazard class or following the basic description. . . .

(e)    . . . [A] material that is not a hazardous material according to this subchapter may not be offered for transportation or transported when its description on a shipping paper includes a hazard class or an identification number specified in the Section 172.101 Table.

Comment: 49 C.F.R. § 172.202.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 41-4**

**TITLE 49, CODE OF FEDERAL REGULATIONS, SECTION 172.204**

Title 49, Code of Federal Regulations, Section 172.204 provides in part that:

(a)     General.  Except as provided in paragraphs (b) and (c) of this section, each person who offers a hazardous material for transportation shall certify that the material is offered for transportation in accordance with this subchapter by printing (manually or mechanically) on the shipping paper containing the required shipping description the certification contained in paragraph (a)(1) of this section or the certification (declaration) containing the language contained in paragraph (a)(2) of this section. . . .

(1)     "This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation."

…

(2)     "I hereby declare that the contents of this consignment are fully and accurately described above by the proper shipping name, and are classified, packaged, marked and labeled/placarded, and are in all respects in proper condition for transport according to applicable international and national governmental regulations."

…

(c)     Transportation by air –

(1)     General.  Certification containing the following language may be used in place of the certification required by paragraph (a) of this section:

51

**United States District Court**
For the Northern District of California

I hereby certify that the contents of this consignment are fully and accurately described above by proper shipping name and are classified, packaged, marked and labeled, and in proper condition for carriage by air according to applicable national governmental regulations.

. . .

(3)     Additional certification requirements.  Effective October 1, 2006, each person who offers a hazardous material for transportation by air must add to the certification required in this section the following statement:

"I declare that all of the applicable air transport requirements have been met."

Comment: 49 C.F.R. § 172.204.

52

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 42**

**COUNTS ELEVEN THROUGH NINETEEN:  TRANSPORTATION OF**

**HAZARDOUS MATERIALS WITHOUT LABELS**

The defendants are charged in Counts Eleven through Nineteen of the Indictment with transporting hazardous materials without labels in violation of 49 U.S.C. §5124(c) and (d).

In order to find the defendants guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant offered for transportation one or more of the following hazardous materials in packages:

| Count | Hazardous Material Contained in Package |
|-------|------------------------------------------|
| 11 | Acridine Mutagen [Toxic solids, organic, n.o.s. (6-Chloro-9-[[3-[(2-chloroethyl) amino] propyl] amino]-2- methoxyacridine dihydrochloride)]; <br><br> 4-Aminobenzonitrile [Toxic solids, organic, n.o.s. (4-Aminobenzonitrile)]; <br><br> Indomethacin [Toxic, solid, organic, n.o.s. (Indometacin)]; <br><br> Quercetin Anhydrous [Toxic solids, organic, n.o.s. (3,3',4',5,7-Pentahydroxyflavone)] <br> Ruthenium (III) Chloride [Corrosive solid, acidic, inorganic, n.o.s. (Ruthenium trichloride)]; <br><br> Sodium Phosphate Dibasic [Environmentally hazardous substances, solid, n.o.s.]; <br><br> Tungsten (IV) Chloride [Corrosive solid, acidic, inorganic, n.o.s. (Tungsten(IV) chloride)]; <br><br> Zinc Acetate Dihydrate [Environmentally hazardous substances, solid, n.o.s. (zinc di(acetate))] |
| 12 | Acetonitrile [Acetonitrile] |
| 13 | 4'-Chloroacetophenone [Chloroacetophenone, liquid]; <br><br> Hexamethylenetetramine [Hexamethylenetetramine]; <br><br> 3.0 N HCL in n-Butanol [Flammable liquid, corrosive, n.o.s. (Hydrochloric acid, n-butanol)] |

| 14 | 4-Chlorobenzoyl Chloride [Corrosive liquid, acidic, organic, n.o.s., (4-Chlorobenzoyl chloride)];<br><br>2-Ethoxyethanol [Ethylene glycol monoethyl ether];<br><br>Sodium Dodecyl Sulfate [Flammable solids, toxic, organic, n.o.s. (sodium dodecyl sulfate)] |
| 15 | Ethyl Cyanoacetate [Aviation regulated liquid, n.o.s. (Ethyl cyanoacetate)] |
| 16 | Aluminum tri-sec-butoxide 1.0m in dichloromethane [Dichloromethane, solution] |
| 17 | 4-Aminobenzonitrile [Toxic solids, organic, n.o.s. (4-Aminobenzonitrile)];<br><br>4-Flurobenzaldehyde [Aldehydes, n.o.s. (4-Flurobenzaldehyde)];<br><br>N, N-Dimethylformamide dimethyl acetal [Ethers, n.o.s. (1, 1-Demethoxytrimethylamine)];<br><br>2-Acetylfuran [Toxic solids, organic, n.o.s. (2-Furyl methyl ketone)];<br><br>Pyridin-2-aldehyd [Toxic, liquid, organic, n.o.s. (Pyridine-2-carbaldehyde)];<br><br>3-Pyridincarboxaldehyde [Aldehydes, n.o.s. (Nicotinaldehyd)];<br><br>Sodium Hydride [Sodium hydride];<br><br>1-Chloro-2, 4-Dinitrobenzene [Chlorodinitrobenzenes, solid];<br><br>4-Nitrophenol [Nitrophenols];<br><br>Potassium Ferricyanide (III) Powder [Environmentally hazardous substances, solid, n.o.s. (Tripotassium hexacyanoferrate)] |
| 18 | Chloroform-d [Chloroform];<br><br>N, N-Dimethylaniline [N, N-Dimethylaniline];<br><br>Sodium Phosphate Dibasic [Environmentally hazardous substances, solid, n.o.s.]; |

United States District Court

For the Northern District of California

| 19 | Chloroacetonitrile [Chloroacetonitrile]; |
|----|------------------------------------------|
|    | Ethyl Cyanoacetate [Aviation regulated liquid, n.o.s. (Ethyl cyanoacetate)]; |
|    | Oxalyl Chloride [Corrosive liquid, toxic, n.o.s. (Oxalyl chloride)]; |
|    | Phenylhydrazine [Phenylhydrazine]; |
|    | Sulfuryl Chloride [Sulfuryl Chloride]; |
|    | Thioglycolic acid [Thioglycolic acid]; |
|    | Benzo[A]pyrene [Environmentally hazardous substances, solid, n.o.s. (Benzo[a]pyrene)]; |
|    | P-Anisidine [Toxic solids, organic, n.o.s. (p-Anisidine)] |

*Second*, the defendant acted willfully or recklessly; and

*Third*, the defendant offered for transportation the hazardous materials listed in Counts Eleven through Nineteen without the required labels on the packages, in violation of Title 49, Code of Federal Regulations, Section 172.400.

55

**JURY INSTRUCTION NO. 42-1**

**COUNTS ELEVEN THROUGH NINETEEN:  TITLE 49, CODE OF FEDERAL**

**REGULATIONS, SECTION 172.400**

        Title 49, Code of Federal Regulations, Section 172.400 provides in part that each person who

offers for transportation or transports a hazardous material shall label the package or containment

device with labels as set forth in the following table:

| Count | Hazardous Material Contained in Package | Label(s) Required on Package |
|-------|------------------------------------------|------------------------------|
| 11 | Acridine Mutagen [Toxic solids, organic, n.o.s. (6-Chloro-9-[[3-[(2-chloroethyl) amino] propyl] amino]-2- methoxyacridine dihydrochloride)]; <br><br> 4-Aminobenzonitrile [Toxic solids, organic, n.o.s. (4-Aminobenzonitrile)]; <br><br> Indomethacin [Toxic, solid, organic, n.o.s. (Indometacin)]; <br><br> Quercetin Anhydrous [Toxic solids, organic, n.o.s. (3,3',4',5,7-Pentahydroxyflavone)] Ruthenium (III) Chloride [Corrosive solid, acidic, inorganic, n.o.s. (Ruthenium trichloride)]; <br><br> Sodium Phosphate Dibasic [Environmentally hazardous substances, solid, n.o.s.]; <br><br> Tungsten (IV) Chloride [Corrosive solid, acidic, inorganic, n.o.s. (Tungsten(IV) chloride)]; <br><br> Zinc Acetate Dihydrate [Environmentally hazardous substances, solid, n.o.s. (zinc di(acetate)] | POISON or TOXIC or POISON INHALATION HAZARD <br><br> CORROSIVE <br><br> CLASS 9 |
| 12 | Acetonitrile [Acetonitrile] | FLAMMABLE LIQUID |
| 13 | 4'-Chloroacetophenone [Chloroacetophenone, liquid]; <br><br> Hexamethylenetetramine [Hexamethylenetetramine]; <br><br> 3.0 N HCL in n-Butanol [Flammable liquid, corrosive, n.o.s. (Hydrochloric acid, n-butanol)] | FLAMMABLE LIQUID <br><br> FLAMMABLE SOLID <br><br> POISON or TOXIC or POISON INHALATION HAZARD <br><br> CORROSIVE |

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

| 14 | 4-Chlorobenzoyl Chloride [Corrosive liquid, acidic, organic, n.o.s., (4-Chlorobenzoyl chloride)];<br><br>2-Ethoxyethanol [Ethylene glycol monoethyl ether];<br><br>Sodium Dodecyl Sulfate [Flammable solids, toxic, organic, n.o.s. (sodium dodecyl sulfate)] | POISON or TOXIC or POISON INHALATION HAZARD<br><br>FLAMMABLE LIQUID<br><br>FLAMMABLE SOLID<br><br>CORROSIVE |
| --- | --- | --- |
| 15 | Ethyl Cyanoacetate [Aviation regulated liquid, n.o.s. (Ethyl cyanoacetate)] | CLASS 9 |
| 16 | Aluminum tri-sec-butoxide 1.0m in dichloromethane [Dichloromethane, solution] | POISON or TOXIC or POISON INHALATION HAZARD |
| 17 | 4-Aminobenzonitrile [Toxic solids, organic, n.o.s. (4-Aminobenzonitrile)];<br><br>4-Flurobenzaldehyde [Aldehydes, n.o.s. (4-Flurobenzaldehyde)];<br><br>N, N-Dimethylformamide dimethyl acetal [Ethers, n.o.s. (1, 1-Demethoxytrimethylamine)];<br><br>2-Acetylfuran [Toxic solids, organic, n.o.s. (2-Furyl methyl ketone)];<br><br>Pyridin-2-aldehyd [Toxic, liquid, organic, n.o.s. (Pyridine-2-carbaldehyde)];<br><br>3-Pyridincarboxaldehyde [Aldehydes, n.o.s. (Nicotinaldehyd)];<br><br>Sodium Hydride [Sodium hydride];<br><br>1-Chloro-2, 4-Dinitrobenzene [Chlorodinitrobenzenes, solid];<br><br>4-Nitrophenol [Nitrophenols];<br><br>Potassium Ferricyanide (III) Powder [Environmentally hazardous substances, solid, n.o.s. (Tripotassium hexacyanoferrate)] | POISON or TOXIC or POISON INHALATION HAZARD<br><br>FLAMMABLE LIQUID<br><br>DANGEROUS WHEN WET<br><br>CLASS 9 |
| 18 | Chloroform-d [Chloroform];<br><br>N, N-Dimethylaniline [N, N-Dimethylaniline];<br><br>Sodium Phosphate Dibasic [Environmentally hazardous substances, solid, n.o.s.]; | POISON or TOXIC or POISON INHALATION HAZARD<br><br>CLASS 9 |

United States District Court

For the Northern District of California

| 19 | Chloroacetonitrile [Chloroacetonitrile];<br><br>Ethyl Cyanoacetate [Aviation regulated liquid, n.o.s. (Ethyl cyanoacetate)];<br><br>Oxalyl Chloride [Corrosive liquid, toxic, n.o.s. (Oxalyl chloride)];<br><br>Phenylhydrazine [Phenylhydrazine];<br><br>Sulfuryl Chloride [Sulfuryl Chloride];<br><br>Thioglycolic acid [Thioglycolic acid];<br><br>Benzo[A]pyrene [Environmentally hazardous substances, solid, n.o.s. (Benzo[a]pyrene)];<br><br>P-Anisidine [Toxic solids, organic, n.o.s. (p-Anisidine)] | POISON or TOXIC or POISON INHALATION HAZARD<br><br>FLAMMABLE LIQUID<br><br>CORROSIVE<br><br>CLASS 9 |

**JURY INSTRUCTION NO. 43**

**COUNT TWENTY:  FAILURE TO FILE EXPORT INFORMATION**

The defendants are charged in Count Twenty the Indictment with failing to file export information in violation of 13 U.S.C. §305(a)(1).

In order to find the defendants guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant offered for export shipment a commodity, namely, a Barnstead Fistreem distiller;

*Second*, the Barnstead Fistreem distiller was valued at over $2,500;

*Third*, the defendant knowingly failed to file export information, or willfully caused another to fail to file export information, through the Automated Export System (AES) as required by law.

Comment: 13 U.S.C. §305(a)(1); 15 C.F.R. §§ 30.2 and 30.37

# JURY INSTRUCTION NO. 44

## COUNT TWENTY:  AIDING AND ABETTING

A defendant may be found guilty of the failure to file export information as charged in Count Twenty, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

*First*, the failure to file export information as alleged in Count Twenty was committed by someone;

*Second*, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the failure to file export information; and

*Third*, the defendant acted before the crime was completed.  It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the failure to file export information.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Comment: Ninth Circuit Model Instruction 5.1.

**JURY INSTRUCTION NO. 45**

**COUNTS TEN THROUGH TWENTY-TWO:  KNOWINGLY – DEFINED**

For Counts Ten through Twenty-two, a person acts knowingly when –

(1)     The person has actual knowledge of the facts giving rise to the violation; or

(2)     A reasonable person acting in the circumstances and exercising reasonable care would have that knowledge.

The government is not required to prove that the defendant had knowledge of the existence of a statutory provision, or a regulation or a requirement required by the Secretary of the Department of Transportation.

Comment:  49 U.S.C. § 5124(b).

61

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 46**

**COUNTS TEN THROUGH TWENTY:  WILLFULLY – DEFINED**

For Counts Ten through Twenty, a person acts willfully when –

(1)      The person has knowledge of the facts giving rise to the violation; and

(2)      The person has knowledge that the conduct was unlawful.

Comment:  49 U.S.C. § 5124(c).

**JURY INSTRUCTION NO. 47**

**COUNTS TEN THROUGH NINETEEN:  RECKLESSLY – DEFINED**


For Counts Ten through Nineteen, a person acts recklessly when the person displays a deliberate indifference or conscious disregard to the consequences of that person's conduct.


Comment: 49 U.S.C. § 5124(d).

United States District Court

For the Northern District of California

# JURY INSTRUCTION NO. 48

## COUNT TWENTY-ONE:  ATTEMPTED SMUGGLING OF GOODS

The defendants are charged in Count Twenty-one of the Indictment with attempting to smuggle goods in violation of 18 U.S.C. § 554(a).

In order to find the defendants guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant intended to export from the United States one or more of the following merchandise, articles, or objects:

| PRODUCT NAME | PROPER SHIPPING NAME (49 C.F.R. § 172.101) |
|---|---|
| Acetonitrile | Acetonitrile |
| 2-Acetylfuran | Toxic solids, organic, n.o.s. (2-Furyl methyl ketone) |
| Acridine Mutagen | Toxic solids, organic, n.o.s. (6-Chloro-9-[[3-[(2-chloroethyl) amino] propyl] amino]-2-methoxyacridine dihydrochloride) |
| Aluminum tri-sec-butoxide 1.0m in dichloromethane | Dichloromethane, solution |
| 4-Aminobenzonitrile | Toxic solids, organic, n.o.s. (4-Aminobenzonitrile) |
| Benzo[A]pyrene | Environmentally hazardous substances, solid, n.o.s. (Benzo[a]pyrene) |
| Chloroacetonitrile | Chloroacetonitrile |
| 4'-Chloroacetophenone | Chloroacetophenone, liquid |
| 4-Chlorobenzoyl Chloride | Corrosive liquid, acidic, organic, n.o.s., (4-Chlorobenzoyl chloride) |
| 1-Chloro-2, 4-Dinitrobenzene | Chlorodinitrobenzenes, solid |
| Chloroform-d | Chloroform |
| 2-Ethoxyethanol | Ethylene glycol monoethyl ether |
| Ethyl Cyanoacetate | Aviation regulated liquid, n.o.s. (Ethyl cyanoacetate) |
| 4-Flurobenzaldehyde | Aldehydes, n.o.s. (4-Flurobenzaldehyde) |
| Hexamethylenetetramine | Hexamethylenetetramine |
| Indomethacin | Toxic, solid, organic, n.o.s. (Indometacin) |

| | |
|---|---|
| 3.0 N HCL in n-Butanol | Flammable liquid, corrosive, n.o.s. (Hydrochloric acid, n-butanol) |
| N, N-Dimethylaniline | N, N-Dimethylaniline |
| N, N-Dimethylformamide dimethyl acetal | Ethers, n.o.s. (1, 1-Demethoxytrimethylamine) |
| 4-Nitrophenol | Nitrophenols |
| Oxalyl Chloride | Corrosive liquid, toxic, n.o.s. (Oxalyl chloride) |
| P-Anisidine | Toxic solids, organic, n.o.s. (p-Anisidine) |
| Phenylhydrazine | Phenylhydrazine |
| Potassium Ferricyanide (III) Powder | Environmentally hazardous substances, solid, n.o.s. (Tripotassium hexacyanoferrate) |
| Pyridin-2-aldehyd | Toxic, liquid, organic, n.o.s. (Pyridine-2-carbaldehyde) |
| 3-Pyridincarboxaldehyde | Aldehydes, n.o.s. (Nicotinaldehyd) |
| Quercetin Anhydrous | Toxic solids, organic, n.o.s. (3,3',4',5,7-Pentahydroxyflavone) |
| Ruthenium (III) chloride | Corrosive solid, acidic, inorganic, n.o.s. (Ruthenium trichloride) |
| Sodium Dodecyl Sulfate | Flammable solids, toxic, organic, n.o.s. (sodium dodecyl sulfate) |
| Sodium Hydride | Sodium hydride |
| Sodium Phosphate Dibasic | Environmentally hazardous substances, solid, n.o.s. |
| Sulfuryl Chloride | Sulfuryl Chloride |
| Thioglycolic acid | Thioglycolic acid |
| Tungsten (IV) Chloride | Corrosive solid, acidic, inorganic, n.o.s. (Tungsten(IV) chloride) |
| Zinc Acetate Dihydrate | Environmentally hazardous substances, solid, n.o.s. (zinc di(acetate)) |

*Second*, the defendant acted fraudulently or knowingly;

*Third*, the defendant's conduct was contrary to law, that is, he offered for transportation to a location outside the United States one or more of the hazardous materials listed in the First Element above in packages without the legally required shipping papers or without the legally required labeling on the packages.

**United States District Court**
For the Northern District of California

1    *Fourth*, the defendant did something that was a substantial step toward committing the crime.

2    Mere preparation is not a substantial step toward committing the crime.

3    To constitute a substantial step, a defendant's act or actions must demonstrate that the crime

4    will take place unless interrupted by independent circumstances.

5

6    Comment: 18 U.S.C. § 554(a);  49 C.F.R. §§ 172.101, 172.200, 172.202, 172.204, and 172.400.

7    The above tracks the government's proposed instruction.  Defendant offers the following

8    alternative for the third element:

9        *Third*, the defendant's conduct was contrary to law, that is, he offered
         for transportation to a location outside the United States one or more
10       items of merchandise, articles, or objects contrary to a law or
         regulation relating importing or exporting, to wit '[insert import/export
11       regulation here, with elements thereof]

12   Defendant argues that § 554(a) imposes criminal liability only when the defendant exported or

13   attempted to export goods in violation of a law or regulation relating to importing or exporting.

14   Docket No. 94 at 9-10.  As the regulations the government is alleged were violated here related to

15   shipment generally, but are not specific to imports and exports, Defendant argues that this statute is

16   inapplicable.

17   Defendant's interpretation, however, is contradicted by the plain language of § 554(a), which

18   reads:

19       "Whoever fraudulently or knowingly exports or sends from the United
         States, or attempts to export or send from the United States, any
20       merchandise, article, or object *contrary to any law or regulation of the
         United States*, or receives, conceals, buys, sells, or in any manner
21       facilitates the transportation, concealment, or sale of such
         merchandise, article or object, prior to exportation, knowing the same
22       to be intended for exportation contrary to any law or regulation of the
         United States, shall be fined under this title, imprisoned not more than
23       10 years, or both."

24   18 U.S.C. § 554(a).  The statute on its face does not limit the law or regulations to those specific to

25   imports and exports.  Defendant points to several cases discussing § 554(a) in situations involving

26   laws or regulations specific to imports and exports, though none are particularly on point.  *United*

27   *States v. Place*, 693 F.3d 219, 228 (1st Cir. 2012) (discussing § 554 in case prosecuting defendant

28   for illegally importing narwhal tusks and sperm whale teeth under related smuggling statute); *United*

66

*States v. Sprenger*, 625 F.3d 1305, 1306 (10th Cir. 2010) (holding that the district court had not constructively amended the conspiracy indictment by removing § 554(a) charge from jury's consideration after the government had failed to produce sufficient evidence on that charge); *United States v. Frazier*, 605 F.3d 1271, 1281 (11th Cir. 2010) (upholding conviction for fraudulently and knowingly exporting firearms under § 554(a)). Defendant cites to no cases indicating that § 554(a) cannot apply where the law or regulation broken relates to shipping generally, and is not specific to imports and exports.

Indeed, other courts have allowed prosecutions under § 554 where the law or regulation broken applied to both interstate and foreign commerce. *United States v. Mejia de Hernandez*, 389 F. App'x 932, 934 (11th Cir. 2010) (section 554(a) prosecution based on the defendant's failure to notify the carrier that the shipment contained a firearm as was required by a statute applying to both interstate and foreign commerce); *United States v. Campbell*, 1:11-CR-00460-AT, 2012 WL 2373037 (N.D. Ga. June 22, 2012) (same).

The Court thus finds that the government's proposed instruction on this count is an accurate statement of the law.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

# JURY INSTRUCTION NO. 49

## COUNT TWENTY-TWO:  ATTEMPTED SMUGGLING OF GOODS

The defendants are charged in Count Twenty-two of the Indictment with attempting to smuggle goods in violation of 18 U.S.C. § 554(a).

In order to find the defendants guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant intended to export from the United States merchandise, articles, or objects, namely, a Barnstead Fistreem distiller;

*Second*, the defendant acted fraudulently or knowingly;

*Third*, the defendant's conduct was contrary to law, that is, he offered for transportation to a location outside the United a Barnstead Fistreem distiller without filing the legally required export information through the Automated Export System (AES).

*Fourth*, the defendant did something that was a substantial step toward committing the crime. Mere preparation is not a substantial step toward committing the crime.

To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

Comment: 18 U.S.C. § 554(a);  15 C.F.R. §§ 30.2, 30.37.

**JURY INSTRUCTION NO. 50**

**ENTITY RESPONSIBILITY – ENTITY DEFENDANT – AGENCY**

Medchem Corporation is a corporation.  A corporation may be found guilty of an offense.  A corporation acts only through its agents and employees, that is, those officers, agents, employees, or other persons authorized or employed to act for it.

To sustain the each charge contained in the Indictment against Medchem Corporation, the government must prove the following propositions:

*First*, the offense charged was committed by one or more agents or employees of Medchem Corporation;

*Second*, in committing the offense, the agent or employee intended, at least in part, to benefit Medchem Corporation; and

*Third*, the acts by the agent or employee were committed within the authority or scope of his employment.

For an act to be within the authority of an agent or the scope of the employment of an employee, it must deal with a matter whose performance is generally entrusted to the agent or employee of Medchem Corporation.

If an agent or an employee was acting within the authority or scope of his employment, Medchem Corporation is not relieved of its responsibility because the act was illegal.

Comment:  Model Crim. Jury Instr. 7th Cir. § 5.03 (1998) (modified) [Entity Responsibility - Entity Defendant - Agency (a)]; *United States v. Hilton Hotels Corp*., 467 F.2d 1000 (9th Cir. 1972), *cert. denied*, 409 U.S. 1125 (1973).

**United States District Court**
For the Northern District of California

# JURY INSTRUCTION NO. 51

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Comment:  Ninth Circuit Model Jury Instruction 7.1.

**United States District Court**
For the Northern District of California

## JURY INSTRUCTION NO. 52

## CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, tablet, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about the case until I accept your verdict.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any

71

**United States District Court**
For the Northern District of California

1    research, such as consulting dictionaries, searching the Internet or

2    using other reference materials; and do not make any investigation or

3    in any other way try to learn about the case on your own.

4

5    The law requires these restrictions to ensure the parties have a fair trial based on the same

6    evidence that each party has had an opportunity to address.  A juror who violates these restrictions

7    jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire

8    trial process to start over.  If any juror is exposed to any outside information, please notify the court

9    immediately.

10

11   Comment:  Ninth Circuit Model Jury Instruction 7.2 (modified).

**JURY INSTRUCTION NO. 53**

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Comment:  Ninth Circuit Model Jury Instruction 7.3.

# JURY INSTRUCTION NO. 54

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Comment:  Ninth Circuit Model Jury Instruction 7.4.

**JURY INSTRUCTION NO. 55**

**VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should  complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy Clerk Betty Lee that you are ready to return to the courtroom.

Comment:  Ninth Circuit Model Jury Instruction 7.5.

**JURY INSTRUCTION NO. 56**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy Clerk Betty Lee, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Comment:  Ninth Circuit Model Jury Instruction 7.6.