United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>MEDCHEM CORPORATION, *et al.*,<br><br>        Defendants.<br>_____/ | No. CR 11-0811 EMC<br><br>**ORDER GRANTING MOTION TO DISMISS MEDCHEM WITHOUT PREJUDICE AND DENYING MOTION TO VACATE TRIAL DATE**<br><br>**(Docket Nos. 132, 133, 134)** |

        The government has filed a motion for leave to dismiss the indictment in this case as to Defendant Medchem without prejudice. Docket Nos. 132, 134. Defendants object, arguing that the dismissal should be with prejudice.

        The Federal Rules of Criminal Procedure provide that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). Though this rule does require a prosecutor to obtain leave of court to dismiss the indictment without prejudice, the Ninth Circuit has held that this does not change the fact that the decision about whether to prosecute is generally within the government's discretion.

> If the district court finds that the prosecutor is acting in good faith in making its Rule 48(a) motion, it should grant the motion; conversely, Rule 48(a) empowers the district court to exercise its discretion in denying the motion when it specifically determines that the government is operating in bad faith. . . . Rule 48(a) allows the government, provided it is not acting in bad faith, to dismiss an indictment without prejudice and later to reindict based on the same or similar charges. As the district judge properly found, when the government requests a Rule 48(a) dismissal in good faith, the district court is duty bound to honor the request.

//

//

*United States v. Hayden*, 860 F.2d 1483, 1487-88 (9th Cir. 1988); *see also United States v. Gonzalez*, 58 F.3d 459, 461 (9th Cir. 1995) ("the district court's discretion to deny [a prosecutor's request to dismiss under Rule 48(a)] is limited").  As prosecutors have broad discretion in the enforcement of the law, "the presumption of regularity supports their prosecutorial decisions." *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1007 (9th Cir. 2000); *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) ("this Court begins with the presumption that the prosecutor acted in good faith in moving to dismiss the first indictment").

A court may, on the other hand, deny the prosecution's request to dismiss "if that motion is prompted by considerations clearly contrary to the public interest, or if the dismissal would contribute to prosecutorial harassment by subjecting a defendant to charging, dismissing, and recharging.  A fundamental consideration in assessing the propriety of a prosecutor's dismissal motion is whether the motion is made in good faith." *United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir. 1988) (internal citations and quotation marks omitted).  Courts have found that a finding of bad faith may be justified where there is evidence that government's request for the continuance was based solely on the desire to gain a tactical advantage through delaying the trial, or where the dismissal and re-indictment was an attempt to circumvent rulings with which the government was dissatisfied.  *Id.* (finding of bad faith would have been justified had the defendant provided evidence to support her allegations that "the Government's dismissal motion was in fact improperly motivated by its desire to gain a tactical advantage by selecting a more favorable time to reindict her and that its proffered reason for the dismissal was a sham"); *Hayden*, 860 F.2d at 1488-89 ("Of course, had the district judge concluded and specifically found that the government utilized the Rule 48(a) motion as a pretext to bypass his denial of the continuance, a clear act of bad faith, he could have reversed his earlier Rule 48(a) ruling."); *Salinas*, 693 F.2d at 352-53 (finding of bad faith where prosecutor dismissed case after jury selection and re-indicted six days later in order to avoid jury panel he believed to be unfavorable).

Here, Defendant makes no specific allegations that the prosecution's request to dismiss Medchem without prejudice is being made in bad faith, but argues only that the government should be required to provide a reason for seeking the dismissal beyond mere exercise of prosecutorial

discretion. Docket No. 135. As the cases interpreting Rule 48(a) recognize, however, prosecutors have broad discretion in determining when to pursue or dismiss a case, and courts must grant a motion to dismiss the indictment absent a specific determination that the government is acting in bad faith. *See Hayden*, 860 F.2d at 1487-88. As Defendants have pointed to no facts that would form the basis for such a finding here, the government's motion to dismiss Medchem without prejudice is **GRANTED.**

Defendants have also filed a motion for a continuance of the trial based on certain late disclosures of documents, and the government's recent request for large numbers of stipulations.[1] The Court finds that these disclosures and requests for stipulations are not so burdensome as to justify a continuance, and therefore **DENIES** Defendants' motion for a continuance.

This order disposes of Docket Nos. 132, 133, and 134.

IT IS SO ORDERED.

Dated: June 21, 2013

_____
EDWARD M. CHEN
United States District Judge

---

[1] Defendants also argued that they should be granted a continuance in light of the fact that the government had not, as of the time Defendants filed their motion, filed its brief explaining the basis for the request to dismiss Medchem without prejudice. The government, however, filed this brief shortly after Defendants filed their motion for a continuance, and as Defendants filed a response to the government's brief immediately thereafter, the Court finds that Defendants have experienced no prejudice.