MELINDA HAAG (CABN 132612)
United States Attorney

J.DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

PETER B. AXELROD (CABN 190843)
BRIAN J. STRETCH (CABN 163973)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6774
    FAX: (415) 436-7234
    Peter.axelrod@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR 11-0811 EMC |
| Plaintiff, | ) |
| | ) UNITED STATES' OPPOSITION TO |
| v. | ) DEFENDANT'S RULE 33 MOTION FOR NEW |
| | ) TRIAL |
| HASAN IBRAHIM, | ) |
| Defendants. | ) Hearing Date: September 18, 2013 |
| | ) |

## I. INTRODUCTION

This Court should not grant the defendant, Hasan Ibrahim, a new trial as to any of the counts of conviction. The defendant received a full and fair trial at which he was ably represented by veteran defense attorneys. During that trial, the government adduced substantial evidence of the defendant's guilt as to each of the crimes charged, as fully described in the government's opposition to the defendant's Rule 29 motion and as discussed in additional detail below. Furthermore, the Court's rulings on the evidence and instructions to the jury were legally proper and did not unfairly prejudice the defendant. Accordingly, the

GOVERNMENT'S OPPOSITION TO RULE 33 MOTION
CR11-0811 EMC

1

Court should not set aside any aspect of the jury's verdict and instead should deny the defendant's Rule 33 motion in its entirety.

## II.  LEGAL STANDARDS GOVERNING A DEFENDANT'S MOTION FOR A NEW TRIAL UNDER RULE 33

Under Federal Rule of Criminal Procedure 33, the Court may, upon the defendant's motion, vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a).  In general, "[a] district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000).  For example, when evaluating a motion for a new trial, "[t]he court is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses." *Id.* "By the plain terms of Rule 33, however, this Court's focus must be whether failing to grant a new trial would result in manifest injustice." *United States v. Jinian*, 2011 WL 5056978, at *7 (N.D. Cal. 2011), *aff'd* 712 F.3d 1255 (9th Cir. 2013).

When a defendant moves for a new trial based on the weight of the evidence, the Court may grant a new trial if it "concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." *Kellington*, 217 F.3d at 1097.  The Ninth Circuit has repeatedly cautioned that this standard will be met only in "exceptional" cases or circumstances. *See United States v. Del Toro-Barboza*, 673 F.3d 1136, 1153 (9th Cir. 2012); *United States v. Rush*, 749 F.2d 1369, 1371 (9th Cir. 1984); *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981)).

## ARGUMENT[1]

### III.  INSTRUCTION 33 DOES NOT INSTRUCT THE JURORS AS A MATTER OF LAW THAT THE ALLEGED CHEMICALS IN COUNTS 1 – 9 ARE DESTRUCTIVE SUBSTANCES

#### A.  The Allegations of Counts 1 through 9

The defendant was charged in Counts 1 through 9 with willfully attempting to place a destructive substance on an aircraft, in violation of 18 U.S.C. §§ 32(a)(2) and (a)(8).

---

[1] To aid the Court's review, the government's brief tracks the defendant's numbering format contained in his brief.

GOVERNMENT'S OPPOSITION TO RULE 33 MOTION
CR11-0811 EMC

2

**B.     The Statute**

18 U.S.C. § 32(a)(2) provides:
(a) Whoever willfully--

(2) places or causes to be placed a destructive device or substance in, upon, or in proximity to, or otherwise makes or causes to be made unworkable or unusable or hazardous to work or use, any such aircraft, or any part or other materials used or intended to be used in connection with the operation of such aircraft, if such placing or causing to be placed or such making or causing to be made is likely to endanger the safety of any such aircraft.
. . .
shall be fined under this title or imprisoned not more than twenty years or both.

18 U.S.C. § 32.

**C.     Instruction 33 Did Not Improperly Direct the Jurors to Find that Each Chemical Alleged in Counts 1 – 9 Was a Destructive Substance**

The defendant argues that the formatting of Instruction No. 33 improperly directed the jurors to conclude as a matter of law that the chemicals alleged in Counts 1 through 9 were destructive substances. The government disagrees.

Instruction No. 33 sets forth the elements of the crime for the offenses charged in Counts 1 through 9. Instruction No. 34 then defines "destructive substance."

First, there was no error. A plain reading of the instructions as a whole demonstrates that the jurors were required to determine whether the charged chemicals were "destructive substances" as defined in Instruction No. 34. In addition, through the arc of the trial it was clear that some issues were conceded (e.g., a series of stipulated facts) and some issues were hotly contested (e.g., who was responsible for the shipment). In closing argument, the parties pointedly disagreed about whether the charged chemicals were destructive substances that endangered the safety of the aircraft. By defining the term "destructive substance" in Instruction No. 34, and in the context of the parties emphasizing their opposing views in closing arguments, the Court clearly indicated that the jury would have to determine whether the charged chemicals met that definition.

Second, the defendant not once objected to the instruction. Dating back to the original filing of Defendant's Proposed Jury Instructions on May 7, 2013 (Dock. No. 83), the defendant raised no objection to the proposed substantive instruction for Counts 1 through 9. On May 20, 2013, the parties

GOVERNMENT'S OPPOSITION TO RULE 33 MOTION
CR11-0811 EMC

3

submitted the Parties' Joint Statement Regarding Proposed Jury Instructions (Dock. No. 94). In that filing the parties agreed to Instruction No. 33 (numbered 36 in that filing). On July 3, 2013, the Court issued its final Jury Instructions (Dock. No. 151). The defendant raised no objection to Instruction No. 33.

Fed.R.Crim.P.Rule 30(d) requires the objecting party to a jury instruction to object "before the jury retires to deliberate." The defendant did not do so, and as a result, if the instruction was erroneous, he invited the error.

Invited error is reviewed for plain error. *See United States v. Wilkes*, 662 F.3d 524, 544 (9th Cir. 2011) ("In the absence of a timely objection to the jury instructions, [this Court] review[s] for plain error. . . . Plain error requires the court to find (1) an error that is (2) plain and (3) affects substantial rights."). Plain error analysis requires that defendant show a clear or obvious error affecting substantial rights – in other words, that the error affected the outcome of the proceedings. *United States v. Olano*, 507 U.S. 725, 732-35 (1993). Reversal for plain error is not appropriate "unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* The defendant has made no showing that the alleged error was both plain and affected his substantial rights. And in the context of the jury instructions read a whole in this case, he is unable to satisfy that showing.

**IV. THE INSTRUCTIONS ON COUNTS 1 – 9 PROPERLY DEFINED "LIKELY TO ENDANGER THE SAFETY OF ANY SUCH AIRCRAFT"**

**A. In Order to Violate the Statute, a Destructive Substance Must "Likely Endanger the Safety" of the Aircraft.**

The defendant states that the gravamen of the offense charged in Counts 1 through 9 is the introduction of a "destructive substance" which "is likely to endanger the safety of any such aircraft." The government agrees.

**B. The Court Did Not Err in Defining "Willfully," Nor Was Its Reasoning Erroneous**

The parties have repeatedly litigated in this case the definition of "willfully" in the context of a violation of 18 U.S.C. § 32(a)(2). The defendant continues to persist that the definition must include proof that the defendant knew the destructive substance "is likely to endanger the safety of any such aircraft." The law is to the contrary.

GOVERNMENT'S OPPOSITION TO RULE 33 MOTION
CR11-0811 EMC
4

1    The Court settled on the definition of "willfully" first in pretrial litigation (Dock. No. 40) and
2 again in finalizing the jury instructions prior to trial (Dock. No. 114).  The Court's definition of
3 "willfully" in the context of a violation of 18 U.S.C. § 32(a)(2) comports with the plain language of the
4 statute and is consistent with Ninth Circuit precedent.  Accordingly, the government submits that the
5 Court's reasoning set forth in its previous orders (Dock. Nos. 40 and 114) is not erroneous.

6    Without authority, the defendant claims that because the offense was charged as an attempt, the
7 Court was required to give his proposed definition of "willfully."  The government agrees that to convict
8 the defendant of an inchoate crime, it must prove that he had the specific intent to commit the
9 underlying crime.  Without more, though, the government is unaware of how the fact that the offenses
10 were charged as attempts changes the analysis of the specific intent required for the offenses charged.  In
11 this case, the Court's definition of "willfully" tracked the plain language of the statute was not
12 erroneous.

13    **C.    The Court Properly Defined "Endanger"**

14    The defendant revisits the Court's definition of "endanger," which was previously litigated and
15 resolved.  The Court adopted (Dock. No. 114) the government's proposed instruction, which is based on
16 *United States v. Mendoza*, 244 F.3d 1037, 1042-44 (9th Cir. 2001).  In its Order settling the jury
17 instructions, this Court observed that *Mendoza* involved a conviction under the statute at issue here,
18 where the court noted that "The ordinary meaning of the term 'endanger' as used in this context is 'to
19 bring into danger or peril of probable harm or loss: imperil or threaten to danger...: to create a dangerous
20 situation.'"  *Id.* at 1042.

21    The Court did not commit error by using a Ninth Circuit approved definition of "endanger."

22    **D.    The Court Properly Rejected Defendant's Proffered Definition of "Likely"**

23    The defendant similarly revisits the Court's decision not to instruct on his proffered definition of
24 "likely," which was previously litigated and resolved.  The defendant asked the Court to define "likely"
25 as "very probably."  The government countered by citing the American Heritage Dictionary Usage Note
26 for "likely." (Dock. No. 124).  When "likely" is used as an adverb, as it is 18 U.S.C. § 32(a)(2), the better
27 practice is to have a qualifying word.  Since the defendant's proposed definition of "likely" essentially

28 GOVERNMENT'S OPPOSITION TO RULE 33 MOTION
CR11-0811 EMC

5

1  converted "likely" into "very likely," which distorted the plain language of the statute, the Court did not err
2  in rejecting the defendant's proffered definition.

### E. There Was No Combined Instructional Error

There was no instructional error, either alone, or in combination, that compels a new trial.

## IV. DEFENDANT'S CLAIM OF PROSECUTORIAL MISCONDUCT IS MERITLESS (AND PARTICULARLY UNPROFESSIONAL BASED ON THIS RECORD)

In this section, the defendant recasts his arguments set forth in his Rule 29 motion as prosecutorial misconduct. The government has responded to defendant's substantive arguments in its opposition to that motion, and incorporates those arguments here. In short, though, the defendant believes that (1) the government has improperly attributed conduct of MedChem Corporation to the defendant and (2) that the government misapprehends the import of Exhibit 524, an email the defendant sent to the freight forwarders. The defendant's interpretation of the evidence, especially in light of the testimony at trial, is simply incorrect, and the allegation of misconduct based on this record is without merit, and remarkably disappointing given the government's straight forward presentation at trial.

First, the government has steadfastly maintained that the defendant is individually responsible for the seized shipment as a result of the acts he personally engaged in. The government not once attributed the actions of others to the defendant and even allowed for the possibility that someone other than the defendant repackaged the subject chemicals. Of course, if someone other than the defendant repackaged the chemicals, it hardly absolves the defendant's participation in shipping the boxes – and ultimately his responsibility for the entire shipment -- in light of all the other evidence presented at trial.

And second, the defendant's current frustration over the testimony relating to Exhibit 524 is perplexing. If the defendant did not believe or understand Mr. Yee's testimony about the import of the email, the opportunity to advance his interpretation of the email was through cross-examination or the presentation of other evidence at trial, not through a Rule 33 motion.

The government requests the Court to specifically issue an Order denying the claim of misconduct.

GOVERNMENT'S OPPOSITION TO RULE 33 MOTION
CR11-0811 EMC

## V. THE COURT PROPERLY DENIED THE DEFENDANT'S REQUESTS TO CONTINUE THE TRIAL

The defendant argues that he was prejudiced when the Court denied his two requests to continue the trial – first after the government filed its original Exhibit List on May 7, 2013, almost seven weeks before the start of jury selection, and second the week before trial.

The Court properly denied those continuance requests when they arose and the defense provides no grounds for a new trial based on those rulings. With respect to the first continuance request, the government incorporates its prior opposition (Docket No. 97) in responding to the current motion. Fundamentally, the defendant's motion fails because the government first provided the defense with its draft exhibit list on May 1, 2013, almost eight weeks before the start of jury selection, and the exhibits identified on that list had previously been provided to the defense in discovery long before the exhibit list was created.

The defense also complains that it received a document dump in the days before trial and it was prejudiced by the Court's refusal to delay the proceedings. First, the volume of materials provided by the government was fairly commonplace for an impending trial and included reports of interviews that had recently occurred and documents that had recently been obtained by the government. This was the kind of production that experienced counsel such as defendant's lawyers handle as a matter of course. Second, the defendant's argument is misleading. For example, he complains that the Third Amended Exhibit List contained nineteen new exhibits but nine of those were simply streamlined sets of photographs that had already been produced to the defense and that replaced the larger set of previously identified photo exhibits. Likewise, the defendant complains about the volume of stipulations despite the fact that the government had circulated draft stipulations on June 15, 2013, nine days before the start of jury selection.

Revealingly, the defendant fails to articulate how any of the events which gave rise to his continuance motions actually prejudiced him at trial. The defendant's failure to do so speaks volumes

GOVERNMENT'S OPPOSITION TO RULE 33 MOTION
CR11-0811 EMC

about the merits of this argument and provides yet another reason to deny it.

## VI. THE COURT PROPERLY DENIED THE DEFENDANT'S REQUEST FOR DISCOVERY ON SELECTIVE PROSECUTION

Against the backdrop of the denial of his earlier motion for discovery on selective prosecution, the defendant argues that the government's Classified Information Procedures Act (CIPA) filing is further evidence of an improper purpose in prosecuting him and should have been disclosed to him. The government disagrees.

The Court followed proper CIPA protocols, conducted a careful, independent review of the submission, and determined that the Exhibit to the submission contained classified information that implicated the government's national security and classified information privileges. Importantly, the Court determined that none of the classified information was exculpatory. As a result, the information was properly withheld from the defendant and the non-disclosure of the information cannot form the basis for a new trial.

## CONCLUSION

For all of the reasons stated above, the government respectfully requests that the Court deny the defendant's Rule 33 Motion for a New Trial in its entirety.

DATED:  August 14, 2013			Respectfully submitted,

						MELINDA HAAG
						United States Attorney


						          /S/
						_____
						PETER B. AXELROD
						BRIAN J. STRETCH
						Assistant United States Attorneys

GOVERNMENT'S OPPOSITION TO RULE 33 MOTION
CR11-0811 EMC

8